Kirk D. Miller
*Kirk D. Miller, P.S.*
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

Michael D. Kinkley
*Michael D. Kinkley, P.S.*
4407 N. Division Suite 914
Spokane, WA 99207
mkinkley@qwestoffice.net

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID FROST )<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>ASSOCIATED CREDIT SERVICE, )<br>INC., a Washington Corporation; and )<br>DOE 1 and the spouse and marital )<br>community )<br>)<br>        Defendants. )<br>)<br>)<br>) | Case No.: CV-12-616-TOR<br><br>COMPLAINT<br><br>(JURY DEMANDED) |

Plaintiff David Frost, through his attorneys, Kirk D. Miller of *Kirk D. Miller, P.S.* and Michael D. Kinkley of *Michael D. Kinkley, P.S.*, allege the following:

COMPLAINT -1

KIRK D. MILLER P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

# I. COMPLAINT

1.1. This is an action for damages and remedies against Associated Credit Services, Inc. (hereinafter "Associated") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

# II. JURISDICTION & VENUE

2.1. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C. §1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

2.2. Venue is proper in this District under 28 U.S.C. §1391(b) because the Defendants conduct affairs and transact business in this District, the unlawful acts giving rise to this Complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

# III. PARTIES

3.1. Plaintiff David Frost is a resident of the state of Washington, residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

3.2. Plaintiff David Frost is a natural person.

3.3. The Defendants alleged that David Frost was obligated to pay a debt.

3.4. Plaintiff David Frost is a "consumer" as defined by the FDCPA 15 U.S.C. § 1692a(3).

3.5. The alleged debt was an obligation of Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes. Defendant Associated is a collection agency licensed by the state of Washington.

3.6. Defendant Associated attempted to collect a "debt" as defined by FDCPA 15 U.S.C. §1692a(5).

3.7. Defendant Associated regularly uses the telephone in its attempts to collect debts.

3.8. Defendant Associated uses instrumentalities of interstate commerce or the mails in its business.

3.9. Defendant Associated uses the mail in its attempts to collect debts.

3.10. Defendant Associated is a Washington corporation engaged in the business of collecting debts that are originally owed to another.

3.11. Defendant Associated regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

3.12. Defendant Associated is a "debt collector" as defined by the FDCPA 15 U.S.C. §1692a(6).

3.13. Defendant Doe 1 will be identified by name through discovery.

3.14. Defendant Doe 1 is the employee of Defendant Associated that called Plaintiff Frost in May 2012.

3.15. Defendant Doe 1 uses instrumentality of interstate commerce, including the telephone or the mails, in the course and scope of his employment at Defendant Associated, in his attempts to collect debts.

3.16. Defendant Doe 1 is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

3.17. All acts and omissions by Doe 1 were performed on behalf of his employer, Associated.

3.18. All acts alleged of Doe 1 were done on his own behalf, on behalf of Defendant Associated, and on behalf of the Doe 1 and the marital community.

3.19. Defendant Associated is jointly and severably liable for the acts and omissions of its agents, Defendants Doe 1, through the doctrine of respondent superior.

## IV. FACTS

4.1. In May, 2009, the burners on Plaintiff Frost's gas range were not working properly.

4.2.  In May, 2009, Plaintiff Frost contacted Fred's Appliance (located in Spokane, Washington)( hereafter "Fred's") to repair the gas range burners.

4.3.  On or about May 26, 2009, an alleged appliance repairman from Fred's arrived at Plaintiff Frost's home.

4.4.  The Fred's repair worker failed to repair Plaintiff Frost's gas range burners.

4.5.  Plaintiff Frost never agreed to pay Fred's Appliance since the burners were not repaired.

4.6.  On December 3, 2012, Plaintiff Frost had a different repairman fix the burners at a cost of Eighty One Dollars and Fifty Three Cents ($81.53).

4.7.  The Fred's repairman left Plaintiff Frost's home without requesting any payment and without leaving any bill or invoice since the Fred's alleged repairman did not fix the burners.

4.8.  Plaintiff Frost does not owe Fred's anything.

4.9.  Fred's wholly failed to repair Plaintiff Frost's gas range.

4.10.  Associated claims that sometime after May 2009, Fred's Appliance assigned Plaintiff Frost's account to Associated Credit for collection.

4.11. In the spring of 2012, Defendant Doe 1, an agent or employee of Defendant Associated, called Plaintiff Frost demanding payment of the Fred's Appliance repair bill.

4.12. In May 2012, Defendant Doe 1 called Plaintiff Frost, in an attempt to collect the alleged Fred's Appliance debt.

4.13. During the May 2012 telephone communication between Defendant Doe 1 and Plaintiff Frost, Defendant Doe 1 indicated that a lawsuit had been started by Defendant Associated against Plaintiff Frost to collect the alleged Fred's Appliance debt from Plaintiff Frost.

4.14. No lawsuit has been commenced against Plaintiff Frost to collect the alleged Fred's Appliance debt.

4.15. Doe 1 misrepresented that legal action was being taken against Plaintiff Frost in order to coerce Plaintiff Frost into paying a bill he did not owe to Fred's.

4.16. On May 7, 2012, Defendant Associated mailed an alleged Spokane County (Washington) <u>Superior</u> Court Summons and Complaint to Plaintiff Frost.

4.17. A true and correct copy of the Summons and Complaint, (mailed on May 7, 2012, from Defendant Associated to Plaintiff Frost) is attached

hereto as "Exhibit 1"and hereby incorporated by reference as though fully set forth herein.

4.18. The Summons was dated "February 9, 2012".

4.19. The Summons stated "/s/ Paul J. Wasson" but was not signed.

4.20. Paul Wasson is an attorney.

4.21. Paul Wasson did not sign the Summons on or before February 9, 2012.

4.22. Paul Wasson did not approve the Summons on or before February 9, 2012.

4.23. The Summons states in relevant part that "A lawsuit has been started against you in the above-entitled court by Associated Credit Services, Inc., Plaintiff."  This statement was not true.

4.24. No lawsuit had been commenced against Plaintiff Frost by Defendant Associated before May 7, 2012 (the date of receipt of the Summons and Complaint by Plaintiff Frost in the mail).

4.25. No lawsuit by Associated has ever been commenced against Plaintiff Frost by Associated.

4.26. The Summons and Complaint mailed to Plaintiff Frost are "communication[s]" in an attempt to collect a debt as defined by 15 U.S.C. § 1692a(2).

COMPLAINT  -7

4.27. The Summons and Complaint were made to appear to have been signed by attorney Paul Wasson.

4.28. Attorney Wasson has never signed any Summons or Complaint for a lawsuit against Plaintiff Frost.

4.29. Attorney Wasson did not sign the original Summons or Complaint for a lawsuit against Plaintiff Frost.

4.30. Attorney Wasson had not reviewed the Summons and Complaint that was sent to Plaintiff Frost on or before May 7, 2012.

4.31. Defendant Associated has never commenced a lawsuit against Plaintiff Frost.

4.32. In the last ten (10) years, Defendant Associated has never commenced a lawsuit against any defendant by filing a Summons and Complaint in the Spokane County (Washington) Superior Court.

4.33. In Spokane County, Defendant Associated exclusively files Summons and Complaints for debt collection s in the Spokane County District Court.

4.34. Defendant Associated never intended to start a lawsuit against Plaintiff Frost in the Spokane County Superior Court, but sent the Summons and Complaint to coerce payment from Plaintiff Frost.

4.35. In Washington State, a lawsuit is started in the Superior Court by either service or filing of a Summons and Complaint.

4.36. The mailing of the Summons and Complaint is not proper service and did not commence a lawsuit in Spokane Superior Court.

4.37. Falsely alleging that a lawsuit has been started in the Spokane County Superior Court may deceive the least sophisticated consumer because, upon inquiry by the consumer, the Superior Court cannot confirm whether or not an unfiled lawsuit has been started.

4.38. The principle amount of the alleged debt that the "Complaint" claimed was due and owing from Plaintiff Frost is approximately one hundred sixty dollars ($160.00).

4.39. Plaintiff Frost does not owe any debt to Fred's Appliance or its assignee, Defendant Associated.

4.40. The approximate one hundred sixty dollar ($160.00) amount claimed due by Fred's Appliance is not a liquidated sum because it was not agreed and is subject to a reasonableness determination.

4.41. The approximate one hundred sixty dollar ($160.00) amount claimed due by Fred's Appliance cannot be determined by reference to any contract between Fred's Appliance and Plaintiff Frost.

4.42. Defendant Associated is not entitled to any pre-judgment interest.

4.43. Attempting to collect pre-judgment interest from Plaintiff Frost was an attempt by Associated to collect an amount not permitted by law or contract.

4.44. In the alleged "Complaint," Defendant Associated claimed that Defendant Frost owes seventy eight dollars and three cents ($78.03) in pre-judgment interest.

4.45. The total amount prayed for in Defendant Associated's "Complaint" is eight hundred thirty six dollars ($836.00).

4.46. Eight hundred thirty six dollars ($836.00) is within the Spokane County District Court's subject matter jurisdictional limit. See *RCW 3.66.020*.

4.47. Defendant Associated attempted to collect two hundred dollars in statutory attorney's fees from Plaintiff Frost pursuant to RCW 4.84.080.

4.48. Defendant Associated is not entitled to statutory attorney's fees for any lawsuit started in Superior Court that are within the jurisdiction of the county district court. See *RCW 4.84.030*.

4.49. Attempting to collect statutory attorney's fees from Plaintiff Frost was an attempt by Associated to collect an amount not permitted by law.

# V. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

5.1.  The debt collector, Defendant Associated, through its own acts, by and through their agents and employees, and through its policies and procedures, has violated the FDCPA which has caused damage to Plaintiff.

5.2.  Associated falsely represented the character, amount, and/or legal status of the alleged debt, violating 15 USC § 1692e(2), 15 USC § 1692e(9), 15 USC § 1692e(13) and other provisions of the FDCPA.

5.3.  Associated misrepresented the amount due and that any amount was due for attorney's fees.

5.4.  Associated misrepresented the amount due and that any amount was due for pre-judgment interest.

5.5.  Associated misrepresented to Plaintiff Frost that a lawsuit had been started.

5.6.  Associated misrepresented that the "Summons" and "Complaint" were legal process.

5.7.  Associated used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC § 1692f including but not limited to 15 USC § 1692f(1).

5.8. The attempt to collect pre-judgment interest is neither expressly authorized by an agreement creating the debt nor permitted by law, and therefore in violation of 15 USC § 1692f, 15 USC § 1692f(1), and other provisions of the FDCPA.

5.9. The attempt to collect attorney's fees interest is neither expressly authorized by an agreement creating the debt nor permitted by law, and therefore in violation of 15 USC § 1692f, 15 USC § 1692f(1), and other provisions of the FDCPA.

5.10. Attorney Paul Wasson did not have any meaningful involvement in the preparation of the Summons or of the Complaint before it was mailed to Plaintiff Frost.

5.11. The misrepresentation of the involvement of an attorney as having prepared and/or reviewed alleged lawsuit is material because it would deceive the consumer.

5.12. The Defendants' violations of the FDCPA have caused actual damages to the Plaintiff.

## VI. DEMAND

WHEREFORE, Plaintiff demands judgment as follows:

6.1. Actual damages;

6.2. Statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1).

6.3. Statutory damages pursuant to the FDCPA 15 U.S.C. § 1692k(a)(2)(A).

6.4. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. §1692k(a)(3);

6.5. Injunction preventing the Defendants from wrongfully billing and collecting or attempting to collect debts by falsely representing to consumers:

    6.5.1. That a lawsuit has been started against a consumer when it has not;

    6.5.2. That documents mailed to a consumer are legal process when they are not.

    6.5.3. The Court where the lawsuit, if any, is to be commenced;

    6.5.4. That pre-judgment interest is owed for claims that are unliquidated and cannot be determined by reference to a fixed standard in a contract;

    6.5.5. That statutory attorney's fees are owed for any lawsuit commenced in Superior Court, which is within the subject matter jurisdiction of the County District Court.

6.6. For such other and further relief as may be just and proper.

COMPLAINT -13

DATED this 7th day of December, 2012.

| *Michael D. Kinkley, P.S.* | *Kirk D. Miller, P.S.* |
|---|---|
| /s Michael D. Kinkley | /s Kirk D. Miller |
| Michael D. Kinkley | Kirk D. Miller |
| WSBA #11624 | WSBA #40025 |
| Attorney for Plaintiff | Attorney for Plaintiff |

COMPLAINT -14